1  Dennis D. Miller (SBN 138669)
   Abram P. Petersen (SBN 254832)
2  LUBIN OLSON & NIEWIADOMSKI LLP
   The Transamerica Pyramid
3  600 Montgomery Street, 14th Floor
   San Francisco, CA  94111
4  Telephone:     (415) 981-0550
   Facsimile:      (415) 981-4343
5  dmiller@lubinolson.com
   apetersen@lubinolson.com
6
   Attorneys for Appellee
7  First National Bank of Northern California

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  In re                              Case No.  16-cv-01066-BLF

13  SAMUEL E. GOLDSTEIN, et al.,       Bankruptcy Case No. 07-54183 SLJ
    individuals,
14
            Appellants,
15                                     **APPELLEE FIRST NATIONAL BANK OF
    v.                                 NORTHERN CALIFORNIA'S MOTION
16                                     SEEKING CLARIFICATION
    WEEKS STREET, LLC, a California    REGARDING APPELLANTS' APPENDIX
17  limited liability company, Debtor, RE APPEAL FOR RECONSIDERATION
                                       OF ORDER CONVERTING CASE TO
18          Defendant.                 CHAPTER 7**

19                                     **[Federal Rule of Bankr. Proc. 8013]**

20
                                       Judge:      Honorable Beth Labson Freeman
21

22          Appellee First National Bank of Northern California ("FNB") seeks clarification

23  from this Court that Appellants Samuel Goldstein, et al.'s Appendix fails to adequately designate

24  its items for its record on appeal, is incomplete and was not properly served.  *See*, Docket Entry

25  No. 14.  A review of Appellants' Appendix shows multiple documents are collected under one

26  exhibit tab, the documents are not clearly organized by or labeled by tab or exhibit numbers, and

27
28  a reference is made to "Tab 8 referring to any document not from the Bankruptcy Court." ("Other

Documents") Dkt. No. 14, p. 2, lls 7-8. There are no Other Documents in the Appendix and none were served on Appellee's counsel. FNB contends the Court should order Appellants to re-file and serve a revised Appendix with proper tabs and/or separate exhibits, and with all complete documents Appellants contend should be in the record on appeal.

An appellant is required to serve and file an appendix with its opening brief. Fed. Rule Bank. Proc., Rule 8018(b). ("Subject to subdivision (e) and Rule 8009(d), the appellant must serve and file with its principal brief excerpts of the record as an appendix.") When an appellant fails to file an appendix, the case may be dismissed or the reviewing Court may summarily affirm the bankruptcy court's decision. *In re Yun,* 476 B.R. 243, 251 (9th Cir. B.A.P. 2012). Further, Federal Rule of Appellate Procedure 30(a)(3) requires a *pro se* party to serve a copy of the Appendix on each represented party.

Appellants filed their Appendix on May 2, 2016. A copy was not mail served on FNB and no proof of service is on file from Appellants. While FNB acknowledges its consent for electronic service, issues arise from the docket entry, which might not exist had a hard copy been served on the appellees. The Appellants' Appendix is confusing such that FNB's concern is that proper citation to the record cannot be made. For example, Appellants' Appendix has no Exhibit 4. Other entries of referenced Exhibits contain multiple documents thereunder. For example, Exhibit 6 is at least seven different documents. As noted above, at page 1 of Appellants' Appendix, reference is made to "tab 8", which is described as "any document not from the bankruptcy court." There are no tab 8 documents shown on the ECF docket and no paper copy of Appellants' Appendix was served on FNB. There is not even an "Exhibit 8" on the ECF Appendix. However, in Appellants' Brief, docket no. 13, Appellants reference numerous events and pleadings from the San Mateo County Superior Court in Sections III, A and B, pps 2-4, without any supporting record.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The current Appellants' Appendix is inadequate for references to the record and is either incomplete making for the potential for errors in citation to the record.  FNB respectfully requests the Court to review Appellants' Appendix and if the Court deems required, order Appellants to resubmit an Appendix that is complete and tabbed or referenced by one document per exhibit so the Court and all parties to this appeal can make clear and proper references to the record on appeal.  FNB also requests that Appellants be required to serve a hard copy of the revised Appendix on appellee FNB.

Respectfully submitted.

Dated: May 19, 2016                                LUBIN OLSON & NIEWIADOMSKI LLP


By:  */s/ Dennis D. Miller*
_____
Dennis D. Miller
Attorneys for Appellee
First National Bank of Northern California

APPELLEE FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S
MOTION SEEKING CLARIFICATION REGARDING APPELLANTS' APPENDIX

<u>**CERTIFICATE OF SERVICE**</u>

I, Catherine Montoya, declare:

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Transamerica Pyramid, 600 Montgomery Street, 14th Floor, San Francisco, California 94111.  On May 19, 2016, I served a copy of the within document(s):

> **APPELLEE FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S MOTION SEEKING CLARIFICATION REGARDING APPELLANTS' APPENDIX RE ORDER DENYING RECONSIDERATION OF ORDER CONVERTING CASE TO CHAPTER 7**

☒    **(BY NEF)** To be served by the Court Via Notice of Electronic Filing ("NEF"): Pursuant to controlling General Orders(s) and Local Rule(s) ("LR"), the foregoing document will be served by the court via NEF to all those person(s) listed on the Electronic Mail Notice List.

| | |
|---|---|
| Gregg S. Kleiner<br>Dentons US LLP<br>One Market Plaza<br>Spear Tower, 24th Floor<br>San Francisco, CA  94105<br><br>*Attorneys for Appellee*<br>**Chapter 7 Trustee for Weeks Street, LLC, Fred J. Hjelmeset** | Ryan M. Penhallegon<br>Binder & Malter, LLP<br>2775 Park Avenue<br>Santa Clara, CA  95050<br><br>*Attorneys for Appellee*<br>**Nexgen Builders, Inc.** |

☒    **(BY MAIL)** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

| | |
|---|---|
| Samuel E. Goldstein<br>Samuel E. Goldstein & Associates<br>1280 Boulevard Way, Suite 206<br>Walnut Creek, CA  94595 | Suraj P. Puri<br>43734 Cameron Hills Drive<br>Fremont, CA  95539 |
| William Edward Kennedy<br>593 Morse Street<br>San Jose, CA  95126 | Pravin N. Patel<br>43734 Cameron Hills Drive<br>Fremont, CA  95539 |

Chacko Neroth
737 Blue Sage Drive
Sunnyvale, CA  94086

Khatera Said
4597 Deep Creek Road
Fremont, CA  94555

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 19, 2016, at San Francisco, California.

/s/ Catherine Montoya
Catherine Montoya